Joseph D. Steward, III, Esq.
Kimmel & Silverman, P.C.
1055 West 7th Street 33rd Floor
  Los Angeles, CA 90017
Telephone: 215-540-8888 x 134
Facsimile: 215-540-8817

jsteward@creditlaw.com   teamkimmel@creditlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMIE BLALACK** | ) Case No.:  2:21-cv-9048 |
|  | ) |
| **Plaintiff,** | ) COMPLAINT FOR DAMAGES |
|  | ) 1. VIOLATION OF THE |
| v. | ) TELEPHONE CONSUMER |
|  | ) PROTECTION ACT, 47 U.S.C. § |
| **RENTBEFOREOWNING.COM,** | ) 227, ET. SEQ. |
|  | ) |
| **Defendants.** | ) |
|  | ) JURY TRIAL DEMANDED |
|  | ) |
|  | ) |

- 1 -
PLAINTIFF'S COMPLAINT

)
)

**WESTERN DIVISION**

## COMPLAINT

**Jamie Blalack** (hereinafter referred to as "Plaintiff"), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against

**RentBeforeOwning.com** (hereinafter referred to as "Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See <u>Mims v. Arrow Fin. Servs., LLC</u>, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business the State of California.

4. Defendant's headquarters are based in Santa Barbara County, which is within the Central District of California in the Western Division.

5. Accordingly, venue is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

6. Plaintiff is a natural person residing in Broken Arrow, Oklahoma

74012.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with its principal place of business, head office, or otherwise valid mailing address at 6950 Hollister Avenue, Suite 104, Goleta, CA 93117.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant is a real estate listing service which markets rent-to-own properties to consumers.

11. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, Plaintiff, Jamie Blalack maintained a cell phone, the number for which was (918) XXX-7777.

13. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on or around April 26, 2018.

14. Plaintiff registered that cell phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

15. Defendant is a real estate listing company focused on rent-to-own properties.

16. Defendant engages in telemarketing in order to solicit business for its monthly subscription allowing its customers to view information on properties listed.

17. Beginning around August 22, 2020 and continuing through at least September 12, 2021, Defendant placed a series of telemarketing messages to Plaintiff in order to sell Plaintiff a subscription to their services.

18. Defendant's text messages to Plaintiff contained generic, pre-scripted text messages, which were clearly sent out *en masse*.

19. The text messages were certainly not directed to Plaintiff as an individual, but rather as part of a "message blast" to a large number of prospective customers.

20. Furthermore, the text messages were delivered by a "short code" which is indicative of autodialing technology.

21. Each text message contained a link which led Plaintiff to Defendant's site to sign up for the service.

22. Plaintiff did not consent to those text messages from Defendant.

23. Defendant's text messages were not made for "emergency purposes."

24. In total, Defendant placed at least 108 text messages to Plaintiff, at dates/times including the following:

| Date/Time: | Caller ID: |
|---|---|
| August 22, 2020 3:06 pm Central | 96863 |
| August 23, 2020 10:32 am Central | 96863 |
| August 23, 2020 2:04 pm Central | 96863 |
| August 24, 2020 2:07 pm Central | 96863 |
| August 26, 2020 2:07 pm Central | 96863 |
| August 31, 2020 2:07 pm Central | 96863 |
| September 5, 2020 2:54 pm Central | 96863 |
| September 6, 2020 2:07 pm Central | 96863 |
| September 12, 2020 2:55 pm Central | 96863 |
| September 13, 2020 2:08 pm Central | 96863 |
| September 19, 2020 2:43 pm Central | 96863 |
| September 20, 2020 2:08 pm Central | 96863 |
| September 26, 2020 2:17 pm Central | 96863 |
| September 27, 2020 2:08 pm Central | 96863 |
| October 3, 2020 2:05 pm Central | 96863 |
| October 4, 2020 2:09 pm Central | 96863 |
| October 10, 2020 2:49 pm Central | 96863 |
| October 11, 2020 2:11 pm Central | 96863 |
| October 17, 2020 2:57 pm Central | 96863 |
| October 18, 2020 2:11 pm Central | 96863 |
| October 24, 2020 2:36 pm Central | 96863 |
| October 31, 2020 2:11 pm Central | 96863 |
| November 7, 2020 3:00 pm Central | 96863 |
| November 14, 2020 2:18 pm Central | 96863 |
| November 21, 2020 7:22 pm Central | 96863 |
| November 22, 2020 12:41 pm Central | 96863 |
| November 28, 2020 3:26 pm Central | 96863 |
| December 5, 2020 3:10 pm Central | 96863 |
| December 12, 2020 3:37 pm Central | 96863 |

| | |
|---|---|
| December 19, 2020 4:01 pm Central | 96863 |
| December 26, 2020 3:52 pm Central | 96863 |
| December 29, 2020 5:16 pm Central | 96863 |
| January 3, 2021 2:23 pm Central | 96863 |
| January 8, 2021 4:50 pm Central | 96863 |
| January 13, 2021 5:17 pm Central | 96863 |
| January 16, 2021 9:17 pm Central | 96863 |
| January 23, 2021 5:49 pm Central | 96863 |
| January 28, 2021 5:55 pm Central | 96863 |
| February 4, 2021 9:31 pm Central | 96863 |
| February 6, 2021 5:30 pm Central | 96863 |
| February 11, 2021 5:56 pm Central | 96863 |
| February 13, 2021 7:28 pm Central | 96863 |
| February 18, 2021 6:09 pm Central | 96863 |
| February 20, 2021 6:37 pm Central | 96863 |
| February 25, 2021 10:35 pm Central | 96863 |
| February 27, 2021 8:05 pm Central | 96863 |
| March 4, 2021 5:08 pm Central | 96863 |
| March 6, 2021 4:24 pm Central | 96863 |
| March 11, 2021 5:56 pm Central | 96863 |
| March 13, 2021 4:26 pm Central | 96863 |
| March 18, 2021 3:54 pm Central | 96863 |
| March 20, 2021 6:04 pm Central | 96863 |
| March 25, 2021 8:20 pm Central | 96863 |
| March 27, 2021 4:16 pm Central | 96863 |
| April 1, 2021 6:03 pm Central | 96863 |
| April 3, 2021 6:21 pm Central | 96863 |
| April 10, 2021 6:38 pm Central | 96863 |
| April 19, 2021 5:59 pm Central | 96863 |
| April 22, 2021 5:20 pm Central | 96863 |
| April 24, 2021 5:58 pm Central | 96863 |
| April 29, 2021 7:45 pm Central | 96863 |
| May 1, 2021 4:15 pm Central | 96863 |
| May 6, 2021 6:08 pm Central | 96863 |

| | |
|---|---|
| May 8, 2021 5:27 pm Central | 96863 |
| May 20, 2021 2:45 pm Central | 96863 |
| May 22, 2021 4:08 pm Central | 96863 |
| May 27, 2021 2:46 pm Central | 96863 |
| May 29, 2021 4:47 pm Central | 96863 |
| June 3, 2021 3:31 pm Central | 96863 |
| June 5, 2021 4:33 pm Central | 96863 |
| June 10, 2021 4:52 pm Central | 96863 |
| June 12, 2021 4:34 pm Central | 96863 |
| June 17, 2021 5:22 pm Central | 96863 |
| June 19, 2021 5:13 pm Central | 96863 |

| | |
|---|---|
| June 24, 2021 4:30 pm Central | 96863 |
| June 26, 2021 3:24 pm Central | 96863 |
| June 29, 2021 6:07 pm Central | 96863 |
| July 1, 2021 5:25 pm Central | 96863 |
| July 8, 2021 4:07 pm Central | 96863 |
| July 10, 2021 3:28 pm Central | 96863 |
| July 15, 2021 6:53 pm Central | 96863 |
| July 17, 2021 2:32 pm Central | 96863 |
| July 24, 2021 2:21 pm Central | 96863 |
| August 5, 2021 6:27 pm Central | 96863 |
| August 6, 2021 7:05 pm Central | 96863 |
| August 6, 2021, 7:06 pm Central | 96863 |
| August 7, 2021 2:35 pm Central | 96863 |
| August 7, 2021 2:35 pm Central | 96863 |
| August 9, 2021 3:04 pm Central | 96863 |
| August 11, 2021 3:04 pm Central | 96863 |
| August 12, 201 5:14 pm Central | 96863 |
| August 13, 2021 3:04 pm Central | 96863 |
| August 14, 2021 2:02 pm Central | 96863 |
| August 15, 2021 3:08 pm Central | 96863 |
| August 17, 2021 3:12 pm Central | 96863 |
| August 19, 2021 3:13 pm Central | 96863 |
| August 21, 2021 3:19 pm Central | 96863 |
| August 23, 2021 3:20 pm Central | 96863 |
| August 25, 2021 3:20 pm Central | 96863 |
| August 27, 2021 3:36 pm Central | 96863 |
| August 29, 2021 3:20 pm Central | 96863 |
| August 31, 2021 3:20 pm Central | 96863 |
| September 2, 2021 3:20 pm Central | 96863 |
| September 4, 2021 3:20 pm Central | 96863 |

| September 6, 2021 3:20 pm Central | 96863 |
| --- | --- |
| September 12, 2021 7:10 pm Central | 96863 |
| September 15, 2021, 7:23 pm Central | 96863 |
| September 18, 2021, 7:24 pm Central | 96863 |

25. Upon information and belief, Plaintiff received additional messages from Defendant not included in the above list

26. Even after the undersigned counsel's law firm sent a written cease and desist letter dated August 19, 2021, Defendant continued sending irritating and disruptive telemarketing text messages for almost another month.

27. Furthermore, many of the subject text messages did not offer Plaintiff the opportunity to "opt out" of future messages or describe the proper method by which she could do so. A true and correct copy of screenshots from the non-exhaustive list above is attached as Exhibit "A."

28. Each of the messages sent by Defendant to Plaintiff contained pre-scripted messages with a link to Defendant's website.

29. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that her privacy had been invaded by Defendant.

30. The foregoing acts and omissions were in violation of the TCPA.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(b)

31. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

32. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

33. Federal Communications Commission (FCC) reasonably interpreted TCPA to prohibit any call, including both voice and text call, using automatic telephone dialing system (ATDS) or artificial or prerecorded message to any wireless telephone number, and thus, "call" within meaning of TCPA included text message to consumers' cellular telephones by publisher and mobile marketing firm to advertise publication of novel. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A)(iii). <u>Satterfield v. Simon & Schuster, Inc</u>., 569 F.3d 946 (9th Cir. 2009)

34. Defendant initiated numerous text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

35. Specifically, Defendant utilizes a dialing system which uses a random or sequential number generator to store telephone numbers.

36. Defendant utilizes a dialing system which uses a random or sequential number generator to select the sequence of calls/text messages to be sent/made.

37. Defendant's texts were not made for "emergency purposes."

38. Defendant's texts to Plaintiff's cellular telephone were sent without any prior express written consent.

39. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II

## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(c)

43. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

44. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

45. Defendant contacted Plaintiff despite the fact that Plaintiff has been registered on the Do Not Call Registry since April 26, 2018.

46. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

47. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

- 16 -
PLAINTIFF'S COMPLAINT

48. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Jamie Blalack** respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b. Statutory damages of $500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(b)(3));

    d. Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    e. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

    f. Any other relief this Honorable Court deems appropriate.

1
2
3                                              Respectfully submitted,
4
5   Dated:  November 18, 2021                  By: */s/ Joseph D. Steward*
6                                              Joseph D. Steward, III, Esq.
                                               Kimmel & Silverman, P.C.
7                                              6223 Davidson Street
                                               Chino, CA 91710
8                                              Phone: 215-540-8888 x 134
9                                              Facsimile: 877-788-2864 Email:
10                                             jsteward@creditlaw.com
                                               teamkimmel@creditlaw.com
11
12
13
14
15
16
17
18
19
20
21
22
25
26
27
                                        - 18 -
                                 PLAINTIFF'S COMPLAINT
28



